**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. No. 2103013368 |
| | ) | |
| DAVID A. FLETCHER, | ) | |
| | ) | |
| Defendant. | ) | |

Date submitted: June 2, 2025
Date Decided: July 9, 2025

## ORDER DENYING RULE 35(A) MOTION

Having considered defendant's Motion for Correction of Illegal Sentence pursuant to Superior Court Criminal Rule 35(a) (the "Motion"),[1] for the following reasons, the Motion is **DENIED**.

1.     On July 6, 2021, David Fletcher ("Fletcher") was indicted on charges of First Degree Murder, Possession of a Deadly Weapon During Commission of a Felony ("PDWDCF"), and Possession of a Deadly Weapon by a Person Prohibited.

2.     On March 24, 2022, Fletcher pleaded guilty to Murder Second and PDWDCF.  The Truth-In-Sentencing ("TIS") form reflected that Fletcher faced a prison term of 17 years (minimum mandatory) to Life.  Fletcher signed the TIS form acknowledging that he understood the possible sentence.  At the plea hearing, the

---

[1] D.I. 53.

court conducted a colloquy. Fletcher affirmed that he was facing a sentence of 15 years (minimum mandatory) to Life on the Murder Second charge and 2 years (minimum mandatory) to 25 years on the PDWDCF charge.

3. Fletcher was sentenced on March 31, 2023, as follows: Murder Second – 23 years at Level V, followed by decreasing levels of supervision, and PDWDCF – 2 years at Level V, followed by Level III supervision.

4. In the Motion, Fletcher argues that under *Erlinger v. United States,*[2] *Wooden v. United States,*[3] *Apprendi v. New Jersey,*[4] and *Blakely v. Washington*[5]*,* "a jury must find the existence of 'any facts' [-] statutory or non-statutory [-] that has been alleged by the State before sentencing a defendant to an enhanced sentence."[6] He asserts that the State must prove each charge beyond a reasonable doubt, and because no jury made such findings, his sentence is illegal.[7]

5. Under Superior Court Criminal Rule 35(a), the Court "may correct an illegal sentence at any time."[8] Rule 35(a) relief is limited to instances

> when the sentence imposed exceeds statutorily-authorized limits, [] violates the Double Jeopardy Clause, . . . is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is

---

[2] 602 U.S. 821 (2024).
[3] 595 U.S. 360 (2002).
[4] 530 U.S. 466 (2000).
[5] 542 U.S. 296 (2004).
[6] D.I. 24.
[7] *Id.*
[8] Super. Ct. Crim. R. 35(a).

2

uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[9]

6.     Murder Second is a Class A Violent Felony, which carries a statutory penalty of 15 years to Life at Level V.[10]  Under the Delaware Sentencing Accountability Commission ("SENTAC") guidelines, the presumptive sentence is 15 years at Level V.  PDWDCF is a Class B Violent Felony, with a statutory penalty of 2-25 years at Level V.[11]  Under SENTAC guidelines, the presumptive sentence is 2-5 years at Level V.

7.     The charges arose out of Fletcher killing his wife, to which he admitted. He stabbed her while they were in a car, and after she ran, he chased her and continued to stab her.  Ultimately, she suffered stab wounds to the head, both lungs, the stomach, and arm.  In imposing the sentence, the court considered the Presentencing Investigative Report, letters from the victim's family and friends, the impact statement from her daughter, and the mitigation report, among other things. The sentencing judge described it as a "very brutal case," which was marked by years of abuse by Fletcher towards his wife.  The court cited aggravating factors of lack of remorse and prior abuse of the victim.  The court found that the "violent and brutal murder" "[v]astly outweigh[ed] any mitigating factors."

---

[9] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citations omitted).  *See Ellerbe v. State*, 155 A.3d 1283 (TABLE), 2017 WL 462144, at *1 (Del. Feb. 2, 2017).
[10] 11 *Del. C.* § 4205(b)(1).
[11] *Id.*

3

8.     The sentencing judge exercised her discretion, imposing a sentence of 23 years on the Murder Second charge.  While above the minimum mandatory and SENTEAC guidelines, it is not illegal.[12]  A sentence of 23 years at Level V is within the statutory limits.  The PDWDCF was within both statutory limits and SENTAC guidelines.

9.     After the United States Supreme Court's decision in *Erlinger*[13] in June 2024, Fletcher, like many other defendants serving Level V sentences, filed the Motion under Superior Court Criminal Rule 35(a), arguing that his sentence was illegal because it violated his Fifth and Sixth Amendment rights as a jury did not make factual findings as to each charge before imposing enhanced sentencing.

10.     *Erlinger* ruled that "'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[14]  Case law

---

[12] *Wallace v. State,* 326 A.3d 708 (TABLE), 2024 WL 3874151, at *5 (Del. Aug. 20, 2024) ("[A] sentence is not illegal simply because it exceeds the SENTAC guidelines." (quoting *Smith v. State*, 287 A.3d 1159 (TABLE), 2022 WL 17087056, at *2 (Del. Nov. 18, 2022)) (citing *Richmond v. State*, 279 A.3d 815(TABLE), 2022 WL 2276282, at *2 (Del. June 22, 2022)).  *See also Siple v. State,* 701 A.2d 79, 82 (Del. 1997) ("The [SENTAC] standards are considered voluntary and nonbinding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards.").
[13] 602 U.S. 821 (2024).
[14] *Id.* at 835 (cleaned up); *Alleyne v. United States*, 570 U.S. 99, 111-13, (2013) ("'[a] fact that increases' a defendant's exposure to punishment, whether by triggering a higher maximum *or* minimum sentence, must 'be submitted to a jury' and found unanimously and beyond a reasonable doubt.'"; *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) ("*[o]ther than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

makes clear "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"[15]

11.   Fletcher pled guilty, thereby admitting to the elements of Murder Second.  He consented to a waiver of his right to a jury trial and affirmed that he was subject to a sentence of 17 years to Life.  Fletcher was sentenced within the statutory limits.  The sentencing judge did not determine any fact which increased Fletcher's minimum or maximum penalty.  Thus, he was not subjected to enhanced sentencing. *Erlinger* has no application here.[16]

12.   Fletcher's sentence was not illegal.  The Motion is ***DENIED***.

**IT IS SO ORDERED**.


         /s/Kathleen M. Miller
         Kathleen M. Miller, Judge

Original to Prothonotary
cc:   David Fletcher (SBI# 439350)
      Timothy G. Maguire, Esq.

---

[15] *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original).
[16] The final case Fletcher relies on, *Wooden v. United States,* "did not directly address whether a jury may, or a jury must, resolve disputes about whether multiple crimes occurred on multiple occasions." *Erlinger*, 602 U.S. at 827-28.